The next case on the calendar for argument, Ryan B, Commissioner of Social Security.  Ryan on behalf of her son. My sole argument, my sole principal argument here is that the ALJ in the lower court decision is not based on substantial evidence and that the ALJ in this case failed to reconcile, discuss, and or significantly evaluate significant evidence of record that the plaintiff in this case met the functional equivalency of the listing in the domain of acquiring and using information. Now in the domain of acquiring and using information, as this court is well aware, it's how well a child acquires or learns information and how well their child uses the information that he has repeatedly argues that the ALJ below thoroughly discussed and evaluated the entire record, explained why the evidence supported less than marked limitation in the domain of acquiring and using information. It is this position that the appellant strongly disagrees. Most significantly there are eight areas in which the ALJ failed in discussing the entire record and especially information and evidence that went to the sole domain of acquiring and using information. Can I just stay here for a moment? Yes. I mean, you raise I guess a couple of issues. Yes. On the sort of the merits of the determination and the nature, what you characterize as the conclusory or brief nature of the decision. Yes. Putting that aside for a moment, in the record to support that there's a marked limitation in this area, in this dimension of acquiring and using information, what in the record supported that? I mean, the ALJ pointed to the fact that I guess the sort of treating, observing, consultating medical people, none of those her characterization of the learning difficulties wouldn't really satisfy that definition I think of marked limitation. So what is in the record that supports this? Well, there are several things I would note that the ALJ ignored with respect to that domain. The one is the detail of the IEPs that were in place in sixth and seventh grade. The plaintiff in this case failed fifth grade and that's not even mentioned. But in sixth and seventh grade there are significant IEPs. That was the year of the injury, correct? Yeah, I'm sorry? That was after the injury. Yeah, at the injury at fifth grade. That's correct. When he was 11. Yes. Fifth grade was the injury that he failed every class. But they moved him up graciously. But in sixth and seventh grade, they had individualized educational plans that were in place that are hardly briefly mentioned by the ALJ. As Your Honor mentioned, the ALJ briefly, in about three sentences, I'm sorry? We're very familiar with IEPs. Yes, right. They don't necessarily result in a disability. Right, no, what I'm saying is in this case, I'm sorry, the judge just didn't explain them very much. I mean, I'm going to Your Honor's question, what was in the record for marked limitation? And if you look at the IEPs, his work memory skills were very low as he had struggled with memory when the information was presented to him in either visual or auditory form. Thus, they put in the IEPs of 8 to 1 to 1 class ratio, which is pretty high for special education children. They had one teacher and one aide to try to help him. He had separate test locations. He had instructions that were needed to be explained to him and read to him. He had more time to take tests and he was encouraged with incentives and one-on-one support to complete written tests. So these IEPs were in place both in 6th grade and in 7th grade. And the only thing that changed in the test accommodations, which there were many given to him, his tests were administered in separate locations and rooms. Directions had to be read and re-read to him and repeated. He needed cues for on-task focusing. He had extended time of 1.5 and then in the 7th grade, he had 2.0 time extended and he had use of many breaks. So these are some things that weren't even detailed or discussed at all in the ALJ's decision. Furthermore, he failed to discuss the managing needs. And if you've looked at my brief on page 8 to 10, there were numbers of managing needs that this child needed in 6th and 7th grade. And this decision in his hearing was just before he entered 8th grade. He had just started 8th grade in September of 2018. So we don't have a lot further. So we are concentrating on, obviously, the 6th and 7th grade with these management needs. But he graduated from, they moved him up after 5th, and then they moved him up after 6th. Yes, 6th and 7th, he was performing better with the IEPs in place, with the 504 plans in place, with the help that he was needed. Yeah, that's good. I'm so glad. That doesn't necessarily establish that he just was disabled as a result of all of this. No, I know, and again, a few more things. That's substantial evidence. Right, and again, some more stuff that the ALJ failed to mention, going to your question, Your Honor, is the testimony, the significant testimony of the defendant himself. Now, in acquiring and using information, you have to consider school evidence, but you also have to consider a child's ability to learn and think from medical and non-medical sources. And that non-medical source includes the child. Now, the child testified in this case briefly. The judge in 19 and 20 of his decision talks about the testimony of the plaintiff in three sentences, okay? The only thing that's of any significance is that he said the child indicated he was overwhelmed. Well, what was the text of the child being overwhelmed when the ALJ mentioned that in his decision? The ALJ asked the child at the hearing, in terms of your ability to perform at school, do you feel like you have any difficulties? Yes, tell me about that. And this is what the child said out of his testimony that's significant to acquiring and using information. Sometimes I feel as if I'm not able to remember some of the stuff that I'm trying to learn in class. So the ALJ said, okay, so you feel like there's a lot of information being thrown at you, and it takes you some time to digest, you feel like you get overwhelmed. And the child said yes. How is that not exactly the child himself saying his main difficulty is processing information, or acquiring and using it? And if that's not, then I don't know what is, because the ALJ- There's an obligation, I mean, certainly, I take your point that there's evidence in the record supporting, from the child and from other sources, I suppose, supporting various learning disabilities, perhaps. But in looking at the entire record of what the ALJ had in front of them, yes, there's evidence that suggests this, there's also evidence from, as I said, the medical and each year, that it's not that there couldn't be a determination made the other way, but if what we're evaluating is whether or not there was substantial evidence to support the way that this ALJ did weigh it. I guess I'm still looking for what there is to show that that was not. Okay. Well, I have two things to mention on that. There are a couple other things that I wanted to mention, but I'm going to go try to answer your question best right now. The other one thing that he failed to mention, that Teresa Singh, the teacher's questionnaire, albeit it was in the fifth grade, but she says in acquiring and using information, she said that it was evident that this child was using previously learnt information, but it was challenging to get him to apply this information to new learning. So, the reason I bring that up is, your honors mentioned substantial evidence. Substantial evidence exists, but the court is required to examine, as you indicated, the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn. Now, the government, as well as Judge Sinatra, when he upheld the decision, noted that an ALJ, as your honor just mentioned, does not have to state on the record every reason justifying a decision, nor is the ALJ required to discuss every piece of evidence submitted. However, many courts, and I've cited several in my brief, kind of on point with the express domain of acquiring and using information. But that an ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error. Now, in the Dunovan case, and that goes, again, they also have indicated that- I'm sorry. Are you saying the ALJ didn't mention Ms. Singh's questionnaire? He mentioned it in the fact that he found she had marked limitations in attending and completing tasks. But he didn't find that she mentioned anything of marked limitations for acquiring and using information. Her questionnaire is pretty significant, though, on page 253 of the record. And again, that pretty questionnaire on acquiring and using information, I'm not going to repeat, but she was pretty clear that he had a real problem with that. And I'm saying he didn't even mention that. He doesn't even mention that. But do you, as opposed to Judge Lee's question, do you think that questionnaire fully supports a finding of marked limitation? I don't know if it fully does, your honor, but I will say that the judge's failure, again, to mention significant evidence, that's what was good in my cherry picking argument, was on those two things, that he picked information from this teacher, but he ignored some other significant information that would maybe have gone to mark limitations. As well as the child, and I read you what the child had said when he testified, he doesn't mention that. And absent a thorough discussion of the conflicting evidence by this ALJ, the court is unable to conclude that the ALJ's finding of less than marked limitations in the area of acquiring and using information is supported by substantial evidence. I don't know how we can determine that. Like you had mentioned, your honor, the judge's whole analysis of the domain of acquiring and using information is, in my brief on page 17 and 18, page 25 of the record, that all he said was the claimant is enrolled in special ed. However, he's been able to succeed each grade level without retention. Next, he was able to complete intellectual test and initial achieve scores consistent with below average range, but more recently in the average range. And no examiner has assessed him marked or extreme limitation in this domain. That's it. That's his cursory decision. So that requires us to go look at what the assessors did, what they said. And many of them, there's quite a, he put the assessments up in the front of this report. So you go back and read the assessments and you look in vain to see any kind of marked limitation. He's substandard, sub-average, but a marked limitation is more than that, I believe. Well, again, he's not in the top half of the class. Even the lower judge said, it wasn't lengthy discussion, but it was based on substantial evidence. Well, again, substantial evidence is the relevant evidence, both conflicting and non-conflicting. And indeed, the other, he did mention in the beginning, the other- Relevant evidence, that's the larger universe. But was it among those, within that universe, was there substantial evidence is the question. Well, again, I have further failures that I found in this case, that he failed to really analyze the neuropsychological evaluation done by Heather Adams in April of 2016. She said that the plaintiff exhibited difficulty in auditory learning and language comprehension, as well as maintaining focus during topic changes. She had- Dr. Adams also said that on almost every test relevant to acquiring and using information that the child was at or above average in 2017, is that right? In 2017, he improved from his 2016. However, average performance, as you said, but he was low average in attention, executive functioning, and difficulty performing tasks, and auditory attention. So that was still assessed in 2017. He also failed to even mention, if there's not even a word, about Brittany Aponte and her diagnosed evaluations of this therapist that she saw the plaintiff from April of 16 until December of 16, or excuse me, I think she only, there was another therapist took over the last bit of 16. Brittany Aponte wasn't even mentioned, and she spent some time with the plaintiff, wherein she said he struggles with focus, attention, following directions, decision making, distractibility, and disorganization, and those were all addressed. The government, in its brief, argues that Ms. Aponte was not an accepted medical source. That's just a foolish argument in this case, because you go with non-medical sources, such as the child, and school records, and teachers, than you do with medical sources, especially in acquiring and using information. So she's not even mentioned or listed in the decision by the judge. And I told you most significantly, I think, is the failure to recognize Theresa Singh's opinion, or at least give them its due and weigh them with her other opinions. You can't pick and choose something that helps your decision, saying he doesn't have marked limitation in acquiring, and then leave relevant evidence that would go to that aside. And that's, again, where my cherry picking argument, and I honestly think that the cherry picking, the definition of it, is exactly what happened here in the two main examples I've given you. But there's so much that was not discussed by the ALJ. He gave a three-sentence statement as to why this wasn't marked limitations. And yes, he did talk about some of the other things, and then you can infer that he used that when he came up with his three sentences, but I think they're lacking. And yes, we've got some rebuttal time reserved. Yeah, thank you, Jenna. Good morning, may it please the court, counsel Nihid Soroushiari for Appellee, the Commissioner of Social Security. Appellate here asserts that the ALJ erred by failing to consider certain facts when he found that the child, VDC, had a less than market limitation in acquiring and using information. But that's meritless. The ALJ reasonably determined that VDC had a less than market limitation in this domain, and when he did so, he cited to evidence that supported his determination. But that's certainly not all the ALJ did or all the ALJ considered. Before the ALJ went through each of the six individual domains, including acquiring and using information, there was a lengthy discussion of all of the relevant evidence in this case, including the evidence. Is it problematic though, I mean, certainly that you have this sort of description of all of the evidence. So suggesting that the ALJ looked at all of that, but the point of the decision where there's actually analysis is actually very short. And to the extent that we need a record, the decision should be specific enough so that we can reasonably evaluate that. Is that not still problematic? Your Honor, I would submit that the ALJ didn't just summarize the evidence before he went into the six domains. I actually think he had a fairly good analysis of the evidence, and he had themes that are relevant, apparent throughout his analysis. He talked about the longitudinal history. He talked about the testimony, but he also talked about the brain injury in the fifth grade, how that resulted in a temporary worsening of symptoms, but that there was a lot of improvement. And he talked about the questionnaire, he talked about the grades improving, he talked about testimony from the mother and from appellants saying that he liked school better, his grades were better, the mom said she was delighted. I can point to specific parts of the evidence, he didn't just summarize the evidence here. I think that before the domains, there was analysis there that showed that there were improved and improved intellectual testing, his most recent IQ was in the average range. The ALJ analyzed all the relevant opinions. So I would submit, Your Honor, that this wasn't just a situation where the ALJ summarized all the documents and then had three sentences for each domain. The discussion before the domains is very lengthy and detailed, and I think there is analysis apparent there. And I would say that the analysis of the acquiring and using information, the ALJ cited the evidence that supports his determination. And the evidence appellant points to respectfully doesn't show any more of a limitation. So even if the ALJ, and I don't believe that the ALJ erred in his articulation of the evidence, but even if the ALJ, the court found that the ALJ did, I don't see any evidence that the child BDC was any more limited, certainly than the ALJ found. And so in closing, I would submit that substantial evidence supports the ALJ's finding that the child BDC had a less than marked limitation in acquiring and using information. This evidence includes history of improved academic performance, improved neuropsychological testing from Dr. Adams, improved intelligence testing, such that the most recent IQ exam in 2018, the IQ was in the average range. And this also includes opinions from two consultative examiners and two state agency psychologists. This more than constitutes substantial evidence in support of the ALJ's decision. The appellant has failed to prove otherwise or that the ALJ erred in any way. And for all these reasons, we urge this court to uphold the ALJ's determination. And that is all I have, if there are no further questions. Okay, thank you. Thank you. Three quick points to follow up on what the government just indicated. Again, I repeat myself, substantial evidence is required. You have to examine the entire record, including contradictory evidence and differences can be drawn. In my case that I cited, Turner versus Barnhart. Although an ALJ is not required to discuss every piece of evidence, he must nonetheless develop a full and fair record. Opinion, yeah. What you're really quarreling with- Yeah. Is that when he came to acquiring and using information, he was conclusory. He talked about the general principles. And then he was conclusory as to the three or four sentences that you mentioned. But he did talk about, talking about all the assessments that went on. And when you go back and read those assessments, you can find substantial evidence for either side, it seems to me. Mark limitation or less than mark limitation. I mean, Dr. Adams, Dr. Dineen, there are doctors that are quite positive about his development. Dr. Dineen especially, it seems to me. And so, if that's the case, then aren't we out of the picture? All it is is substantial evidence. If there's substantial evidence to support the ALJ's findings, then that's the test. Well, like I said, the judge's opinion, though, must describe his analysis with enough detail to satisfy another court that he gave all the relevant evidence before him it's due regard. Well, your concern is that he didn't marshal it specifically with respect to the acquire and using domain. That's what you seem to be beginning, but within that, under that rubric. But he did talk about everything. Well, he left out Brittany Aponte. He left out, like I said, what Dr. Singh said regarding the requirements of acquiring and using information. He left out the most significant part of the plaintiff's testimony, which is a huge part when you're deciding a case of information. His whole thing was information being a problem for him, and that's not even mentioned. The mother who testified, he hardly touched upon her testimony with the difficulties he had. And there's more than just school records and school evidence how he behaves at school. How he behaves outside of school also can go into requiring and using information. And the last thing I want to say is this was not harmless error. The government just mentioned, even if he didn't go through everything, it's based on substantial evidence. Well, I'm saying that what he left out and what he did not discuss and what he does not give us a chance to understand why he came up with this less than marked acquire and use information. Was not harmless if you consider the effects of the plaintiff's testimony, if you consider Dr. Teacher Singh's opinion and all the other things he failed to mention, items that I mentioned. Inability to argue and use information might have led another ALJ or led another reviewing court to find that there were marked limitations in this domain for this child. Thank you. Thank you. The case under advisement. And that concludes the cases we have on the argument calendar for today. We have two cases on submission. Curse will be Abrams in the United States be developed which will also take under advisement. But with that, I'd like to say thanks to the clerk's office, our court staff, everyone for keeping things running smoothly. And I think we are ready to adjourn. Court is adjourned. Thank you.